UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10955-GAO

PREFERRED MUTUAL INSURANCE COMPANY, as subrogee of JOHNNY LAM,
Plaintiff,

v.

STADLER FORM AKTIENGESELLSCHAFT, SWIZZ STYLE, INC., and BROOKSTONE COMPANY, INC.,
Defendants,

and

SWIZZ STYLE, INC.,
Cross-Claim Plaintiff,

v.

STADLER FORM AKTIENGESELLSCHAFT,
Cross-Claim Defendant,

and

BROOKSTONE COMPANY, INC.,
Cross-Claim Plaintiff,

v.

STADLER FORM AKTIENGESELLSCHAFT,
Cross-Claim Defendant.

OPINION AND ORDER
March 30, 2018

O'TOOLE, D.J.

This is a subrogation action involving an air purifier that, although purchased in Kittery, Maine, allegedly caused a fire at a home in Charlestown, Massachusetts. The plaintiff, Preferred Mutual Insurance Company, as subrogee of the homeowner, brings negligence and breach of

warranty claims against (1) the product manufacturer, Stadler Form Aktiengesellschaft ("Stadler Form"), (2) the U.S. distributor, Swizz Style, Inc. ("Swizz Style"), and (3) the retail seller, Brookstone Company, Inc. Brookstone and Swizz Style have cross-claimed against Stadler Form. Stadler Form has moved, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss the claims against it for lack of personal jurisdiction. Preferred Mutual and Swizz Style have opposed the motion.[1]

## I. Legal Standard

When a court's power to exercise personal jurisdiction over a defendant is challenged, the plaintiff bears the burden of establishing that the exercise of such jurisdiction is proper. A Corp. v. All Am. Plumbing, Inc., 812 F.3d 54, 58 (1st Cir. 2016) (citing Phillips v. Prairie Eye Ctr., 530 F.3d 22, 26 (1st Cir. 2008)). Under the commonly used "prima facie" approach, courts consider whether the plaintiff has "proffered evidence, which, if credited, is sufficient to support findings of all facts essential to personal jurisdiction." Id. (quoting Phillips, 530 F.3d at 26). A court "must accept [the plaintiff's] properly documented evidentiary proffers as true and construe them in the light most favorable to [its] jurisdictional claim." Phillips, 530 F.3d at 26 (citations and parentheses omitted) (quoting Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51 (1st Cir. 2002)). However, the plaintiff is only entitled to credit for assertions that are supported by specific evidence, not for conclusory or unsupported allegations from its pleadings. Id. (quoting Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006)).

In evaluating whether Preferred Mutual and Swizz Style as plaintiff and cross-claimant have met their burden, I accept their "specific facts affirmatively alleged . . . as true (whether or not disputed) and construe them in the light most congenial to [their] jurisdictional

---

[1] Brookstone did not participate in the briefing or argument of the issues raised by the motion.

claim." See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (citing Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 203 (1st Cir. 1994)). Additionally, I consider facts presented by Stadler Form that are not disputed. See A Corp., 812 F.3d at 58 (citation omitted).

## II. Facts Considered

Using this prima facie standard, I rely on the following proffered facts:

The homeowner purchased the product at issue, a Viktor air purifier, in Kittery, Maine. The product allegedly caused a fire at the homeowner's house in Charlestown, Massachusetts, which resulted in substantial damage. Preferred Mutual paid the homeowner's claim and is subrogated to possible claims against the several defendants.

Stadler Form is a foreign corporation with its principal place of business in Switzerland. Swizz Style, an Ohio corporation, is the exclusive, independent distributor of Stadler Form's products in the United States and has been such since its incorporation in 2006. There is no corporate relationship between Stadler Form and Swizz Style; their relationship is solely contractual. Swizz Style sells "a high volume" of Stadler Form products in Massachusetts. Swizz Style asserts that the Massachusetts market is important to Stadler Form because of the presence of large online retailers in the Commonwealth. From 2013 to 2016, Swizz Style employed Massachusetts sales representatives who sold Stadler Form products. Massachusetts sales of Stadler Form products by Swizz Style resulted in $992,652 of revenue to Swizz Style from 2010 to October 5, 2017, with annual revenue ranging from $62,253 in 2010 to over $185,972 in 2017. Stadler Form has been aware that significant quantities of Stadler Form products are sold by Swizz Style in Massachusetts. Swizz Style has held monthly Skype meetings with Stadler Form in which Juerg Baenziger, the president and CEO of Swizz Style, presumably acting in Ohio, would inform

3

Stadler Form, presumably acting in Switzerland, about important buyers, including Massachusetts buyers.

Stadler Form, for its part, asserts that it is not incorporated in Massachusetts and has never maintained a place of business here. Stadler Form has never been registered or licensed to do business, never had a registered agent for service of process, and never employed any person in Massachusetts. There is no Stadler Form office, bank account, phone number, or company asset in Massachusetts. Stadler Form has not paid any taxes to the Commonwealth. No Stadler Form representative or employee has traveled to Massachusetts on behalf of Stadler Form in connection with events at issue here. Stadler Form did not itself advertise or market its products in Massachusetts. Rather, the company only sells its products to Swizz Style, which markets and sells them for its own account, in Massachusetts and elsewhere.

The manufacture, testing, and inspection of Viktor air purifiers occurred either in Switzerland or China. Stadler Form alleges, and Swizz Style does not dispute, that Swizz Style has been and continues to be responsible for the sale and delivery of the air purifiers to retailers and end users in the United States. Swizz Style does not directly dispute Stadler Form's contention that Stadler Form did not have control over where Swizz Style sold the air purifiers in the United States, and no Stadler Form approval was required for Swizz Style to make Massachusetts sales of Stadler Form's products. In designing the Viktor air purifier, Stadler Form did not create any Massachusetts-specific aspects of the product nor did Stadler Form design it to comply with Massachusetts-specific requirements.

### III.   Discussion

There are two steps in determining whether the exercise of personal jurisdiction over a defendant is proper: first, consideration of the applicable long-arm statute, and second,

consideration of constitutional due process. See A Corp., 812 F.3d at 58; SCVNGR, Inc. v. Punchh, Inc., 85 N.E.3d 50, 52 (Mass. 2017) ("[A] determination under the long-arm statute is to precede consideration of the constitutional question.") (citations omitted).

### A. Massachusetts Long-Arm Statute

Subsection (d) of the long-arm statute, Massachusetts General Laws Chapter 223A, Section 3, authorizes jurisdiction over a defendant who has caused tortious injury in Massachusetts by an act or omission outside Massachusetts if the defendant "derives substantial revenue from goods used or consumed" in Massachusetts, id. § 3(d). This provision of the long-arm statute is easily satisfied here.

First, the tortious injury—the fire—occurred in Massachusetts and arose out of the claimed negligent design and/or manufacture of the air purifier in either Switzerland or China. Second, although the annual revenue to Stadler Form from the sale of its products in Massachusetts is not directly shown in the record, it is an easy inference from the substantial amount of Swizz Style's Massachusetts-derived revenue from the sale of Stadler Form products that Stadler Form's derived revenue from those sales was not insubstantial as a matter of law. See Keds Corp. v. Renee Int'l Trading Corp., 888 F.2d 215, 219 (1st Cir. 1989) (holding $15,000 sale of products was sufficient) (citation omitted). Further, Stadler Form's derivation of that revenue was not so indirect or attenuated as to defeat the assertion of jurisdiction under § 3(d). See Heins v. Wilhelm Loh Wetzlar Optical Mach. GmbH & Co. KG., 522 N.E.2d 989, 991–94 (Mass. App. Ct. 1988) (holding the substantial revenue requirement was met despite the fact the defendant, a West German corporation, sold its machines to a Swiss corporation, who in turn, sold the machines to the exclusive United States distributor of defendant's products). Because the long-arm statute authorizes suit under § 3(d), the constitutional analysis must be considered.

B.  Due Process

Absent a showing of general jurisdiction, which plainly is inapplicable here, the First Circuit has required a three-part analysis to determine whether a defendant has the requisite minimum contacts with a forum so that it may be lawfully subjected to specific personal jurisdiction there. See United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992). The three aspects of this specific jurisdiction analysis are relatedness, purposeful availment, and overall reasonableness. Phillips, 530 F.3d at 27. Preferred Mutual and Swizz Style must satisfy all three in order to establish that the exercise of personal jurisdiction over Stadler Form comports with due process. See C.W. Downer & Co. v. Bioriginal Food & Sci. Corp., 771 F.3d 59, 65 (1st Cir. 2014). In this case, it is sufficient to consider the second criterion, purposeful availment. See Copia Commc'ns, LLC v. AMResorts, L.P., 812 F.3d 1, 4 (1st Cir. 2016).

"[A] defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable." United Elec., Radio & Mach. Workers of Am., 960 F.2d at 1089. In a products liability case like this, "it is the defendant's purposeful availment that makes jurisdiction consistent with 'fair play and substantial justice' notions." J. McIntyre Mach., Ltd. v. Nicastro, 564 U.S. 873, 880 (2011) (plurality opinion).

"The main ingredients of purposeful availment are voluntariness and foreseeability." Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 36 (1st Cir. 2016) (citing C.W. Downer, 771 F.3d at 66). Purposeful availment cannot be premised on the "unilateral activity of another party or third person." Burger King Corp. v. Rudzewicz, 471 U.S.

6

462, 475 (1985) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417 (1984)). Rather, a defendant's contacts with that State must be voluntary—that is, a defendant's contacts must "proximately result from actions by the defendant *himself*," Phillips, 530 F.3d at 28 (1st Cir. 2008) (emphasis in original) (quoting Burger King Corp., 471 U.S. at 475); see also Walden v. Fiore, 134 S. Ct. 1115, 1122 (2014), which helps to ensure defendants will not be subject to the exercise of jurisdiction over them by a forum based only on "random, fortuitous, or attenuated contacts," Carreras v. PMG Collins, LLC, 660 F.3d 549, 555 (1st Cir. 2011) (quoting Burger King Corp., 471 U.S. at 475).

In stream of commerce cases, jurisdiction is permitted "only where the defendant can be said to have targeted the forum." J. McIntyre, 564 U.S. at 882. This can be shown by some "plus" factor(s), such as "special state-related design, advertising, advice, marketing," etc. Id. at 889 (Breyer, J., concurring).

In this case, no voluntary contacts by Stadler Form with the Massachusetts forum have been shown. Stadler Form's products reached consumers in Massachusetts (and Maine, in this case) because Swizz Style and downstream retailers like Brookstone made their own decisions about where to sell the products. Swizz Style does not point to any direction received from Stadler Form regarding the Massachusetts market. Swizz Style was the exclusive distributor for the entire United States; it appears that it could decide to target particular state markets or not. There is no evidence that Stadler Form designed the product for market in Massachusetts, advertised in Massachusetts, or had channels for communicating with customers in Massachusetts about the product. There is no assertion that Stadler Form representatives traveled to Massachusetts to provide advice to customers or to service the products.

Swizz Style speculates that Massachusetts was an important market to Stadler Form because of the presence here of online retailers who might be bulk buyers, but apart from the speculation, it offers no specific facts to support the assertion. The record indicates that the regular Skype calls between Swizz Style and Stadler Form consisted of discussion of sales and buyers generally. If those calls had included urgings from Stadler Form personnel to target or pay attention to the Massachusetts market, one might have expected that fact to have been proffered in Swizz Style's affidavit and argument. Instead, while Swizz Style argues Stadler Form "targeted" Massachusetts, it provides no further facts or details regarding this contention.[2] See Barrett v. Lombardi, 239 F.3d 23, 27 (1st Cir. 2001) ("[A] plaintiff must do more than simply surmise the existence of a favorable factual scenario; he must verify the facts alleged through materials of evidentiary quality.").

Wanting to stay out of foreign courts is not illegitimate in itself. Indeed, a manufacturer's decision to sell through an independent distributor such as Swizz Style rather than a closely affiliated distributor subject to the manufacturer's control might well be specifically intended to try to limit the likelihood the company would have to answer suits anywhere in the world, wherever its products might foreseeably be sold by others. One might think of that intention as "purposeful non-availment." "[T]he Due Process Clause 'gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance

---

[2] Preferred Mutual and Swizz Style rely on a Southern District of New York decision in asserting that there is personal jurisdiction over Stadler Form. See State Farm Fire & Cas. Co. v. Swizz Style, Inc., 246 F. Supp. 3d 880, 884–94 (S.D.N.Y. 2017). However, the record in the New York case included evidence that Stadler Form was specifically contemplating New York as a market because New York had characteristics favorable to sales of Stadler Form products, and this was discussed between Stadler Form and the distributor. Id. at 885. In the New York case, there were specific jurisdictional facts alleged to support a finding of targeting. See id. The same is not true here.

as to where that conduct will and will not render them liable to suit.'" Burger King Corp., 471 U.S. at 472 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)); accord Heins, 522 N.E.2d at 994. That course of action does not insulate the manufacturer from liability; it can still be sued in its home forum, even if nowhere else. But it can minimize what the company might regard as undue risks of expense and uncertain outcomes that could be expected to attend being haled before foreign jurisdictions.

The foreseeability necessary for the assertion of jurisdiction is not just the foreseeability that another party might—or even likely will—sell the nonresident's products in a particular State, but importantly is rather the foreseeability to the defendant that its own actions may provide a valid basis—the necessary "minimum contacts"—to subject it to the forum's laws and judicial authority.

> [T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.

World-Wide Volkswagen Corp., 444 U.S. at 297 (citations omitted); see also J. McIntyre, 564 U.S. at 883; id. at 891 (Breyer, J., concurring).

Stadler Form placed its product into the stream of commerce by selling it to Swizz Style. In doing so, it was aware such products would likely reach Massachusetts, because Stadler Form was aware of the significant sales by Swizz Style in Massachusetts. But that awareness alone is not enough. It is foreseeability simpliciter, not plus. See J. McIntyre, 564 U.S. at 882; Asahi Metal Indus. Co. v. Superior Ct. of Cal., 480 U.S. 102, 112 (1987) ("[A] defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum State."); Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 85 (1st Cir. 1997) ("Even assuming that [the manufacturer] had specific knowledge that the stream of commerce would move its [product]

9

into [the forum] . . . this awareness alone would not be enough to constitute the purposeful availment which is necessary for a showing of minimum contacts.").

Once a manufacturer delivers a product to an independent distributor it is foreseeable in a broad or general sense that the distributor, which may sell the product wherever it chooses, might choose to sell it in Massachusetts. But a manufacturer's knowledge or awareness that a product, through some agency other than its own, *might* end up in a given State is not the same as the expectation that it is *specifically likely* to do so for some particular reason *attributable to the manufacturer*, such as a marketing plan or diligent compliance with State-specific regulations. See J. McIntyre, 564 U.S. at 890–91 (Breyer, J., concurring); Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 683 (1st Cir. 1992).

If a "might be" sort of general foreseeability were sufficient, "[e]very seller of chattels would in effect appoint the chattel his agent for service of process. His amenability to suit would travel with the chattel." See World-Wide Volkswagen Corp., 444 U.S. at 296. It is true that in a circumstance where, because of a voluntary decision in some way to aim at sales in a particular State's market, the manufacturer reasonably expects and desires that its products *will* be sold in that State, it can therefore reasonably be found to have "purposely availed" itself of the benefits of that occurrence. But that factual predicate has not been shown here.

Preferred Mutual and Swizz Style have failed to show purposeful availment, and "[i]n products-liability cases . . . it is the defendant's purposeful availment that makes jurisdiction consistent with 'traditional notions of fair play and substantial justice.'" See J. McIntyre, 564 U.S. at 880. There is no need, therefore, to address the relatedness or reasonableness aspects of the three-part test. See Copia, 812 F.3d at 4.

## **IV.** **Conclusion**

For the foregoing reasons, Stadler Form's Motion to Dismiss (dkt. no. 19) is GRANTED. Counts I, II, and III of Preferred Mutual's complaint as well as Swizz Style and Brookstone's cross-claims against Stadler Form are DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge